**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0512-19T1

MALACHI STARX,

       Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____

Submitted October 20, 2020 – Decided November 2, 2020

Before Judges Haas and Mawla.

On appeal from the New Jersey Department of Corrections.

Malachi Starx, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas Falcone, Deputy Attorney General, on the brief).

PER CURIAM

Malachi Starx, an inmate in the State's correctional system, appeals from a final determination of the Department of Corrections (DOC), which found that he engaged in a fight with another inmate and imposed disciplinary sanctions. We affirm.

In August 2019, Starx was incarcerated at Southern State Correctional Facility (SSCF). On August 18, 2019, Officer Braxton saw inmate Rasuhru Lewis running after Starx on the left side of the A-Wing. The officer noticed that Lewis had a "bruised and swollen face" and that Starx had scratches on his chest. Officer Smith reported that Starx claimed that Lewis threw hot water on him, but the officer stated that Starx's clothes were not wet.

The next day, both inmates were examined by a nurse. The nurse reported that Lewis had "red scratches to [his] upper cheek, [and] right and left back." According to the nurse, Starx stated he had no injuries.

In a written statement he prepared on the day of the incident, Starx asserted that Lewis splashed him with hot water on his chest and neck because Lewis believed Starx had hit him. Starx stated although he had the right to defend himself, he "chose to take the higher road and not retaliate." In his statement, Lewis wrote, "Someone attacked me and [I was] defending myself. I don't know who it was."

2

An inmate who was brushing his teeth at the time claimed that Starx told him "this dude tryin[g] to throw hot water on me." The inmate wrote that he "told the dude" not to throw hot water, but "he did it anyway and it hit Star[x] in the shoulder and face." A second inmate provided a written statement that stated, "I was in the bed and I heard them passing word over the phone."

Starx and Lewis were each charged with committing prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i).[1] Starx was served with this charge on the day of the incident.

The disciplinary hearing took place on August 19, 2019. Starx was assisted by a counsel substitute. Starx pled not guilty to the charge. The hearing officer offered Starx the opportunity to confront or cross-examine adverse witnesses, and he declined to do so. Starx told the hearing officer, "I didn't do this. I tried to avoid this. [Lewis] thought I snitched." Starx stated that after Lewis threw the water, "I ran away and he chased and he grabbed me and we tussled in the hallway."

The hearing officer found that Starx admitted that he and Lewis "had a 'tussle' once water was thrown." The hearing officer also credited Officer

---

[1] We note that "[p]rohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . ." N.J.A.C. 10A:4-4.1(a).

A-0512-19T1

Braxton's testimony that both Starx and Lewis had injuries that were "consistent" with having engaged in a fight. The hearing officer imposed the following sanctions: ninety-one days in administrative segregation, the loss of fifteen days of recreational privileges, and the loss of ninety days of commutation time. On the adjudication form, the hearing officer wrote that the sanctions were appropriate to "deter" future incidents.

Starx filed an appeal to the Administrator at SSCF. On August 22, 2019, Assistant Superintendent Heather Griffith issued a final decision upholding the hearing officer's decision. This appeal followed.

On appeal, Starx argues that: (1) his disciplinary hearing "did not comport with all procedural due process requirements"; (2) the DOC's "finding of guilt is not supported by substantial credible evidence"; and (3) the hearing officer ignored his claim of self-defense. We disagree.

The scope of our review of an agency decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway

 A-0512-19T1

State Prison, 81 N.J. 571, 579-80 (1980)). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having considered the record in light of these principles, we conclude that there is sufficient credible evidence in the record to support the DOC's determination that Starx committed prohibited act *.004, fighting with another person. As noted, Officer Braxton saw that both Starx and Lewis had sustained scratches that were consistent with them participating in a mutual fight. In addition, Starx admitted at the hearing that he "tussled" with Lewis.

A-0512-19T1

Contrary to Starx's contention, the hearing officer considered his claim of self-defense. However, Starx's accounts of the incident were inconsistent. On the one hand, Starx alleged that he ran away after Lewis threw water on him and never retaliated. On the other, Starx conceded he "tussled" with Lewis. Starx also claimed that Lewis began the fight because he believed Starx was a "snitch." However, Starx contradicted this allegation by also asserting that Lewis thought Starx had physically assaulted him. Under these circumstances, the hearing officer properly declined to accept Starx's unsupported claim of self-defense.

We are also convinced that Starx received all the process due him throughout the disciplinary hearing process. Starx was assisted by a counsel substitute, had the right to call witnesses, and elected not to cross-examine witnesses. As stated above, and contrary to Starx's assertion on appeal, the hearing officer considered all of the evidence presented by the parties, including the statements provided by the officers and inmates who witnessed the incident. Therefore, we reject Starx's contention on this point.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0512-19T1